**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| ARTETA LLC, | : | |
| | : | Case No.: 26-22329 (KYP) |
| Debtor. | : | |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), (F), AND (M), AND 365, AND RULES 2002, 6004 AND 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S PROPERTY, (B) SCHEDULING A SALE HEARING, (C) APPROVING THE FORM, MANNER AND EXTENT OF NOTICE OF THE SALE PROCESS, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] [Docket No. 21], filed by Arteta, LLC (the "Debtor") seeking the entry of an Order, pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1, 6006-1, 9006-1, 9013-1, 9014-1 and 9014-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") (a) authorizing the Debtor to conduct the proposed sale process in accordance with the terms of the Bidding Procedures for the sale of the estate's interest in substantially all of the Debtor's property located at 51 South Route 9W, West Haverstraw (the "Property"), free and clear of all liens, claims, encumbrances, and interests (the "Liens"), through a sale process pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), (b) approving the Bidding Procedures, which are annexed hereto as Exhibit "1" (the "Bidding Procedures"); (c) scheduling an auction of the Debtor's Property (the

[1] Capitalized terms used but not otherwise defined herein shall be ascribed the meanings provided to those terms in the Motion and the Bidding Procedures attached hereto. In the event of any conflict between the terms of this Order or the Bidding Procedures respectively, the terms as defined in the Bidding Procedures shall govern.

"Auction") and setting a hearing date for final approval of the proposed sale (the "Sale Hearing"), (d) authorizing and approving the form and manner of notice of the sale of the Property, the Auction and the Sale Hearing, the form of which notice is annexed hereto as Exhibit "2" (the "Sale Notice"), and granting related relief; and, upon the hearing held on the Bidding Procedures Order on September 15, 2026, and service of the notice of hearing of the Bidding Procedures having been made upon all creditors and parties in interest as required by Bankruptcy Rule 2002; and Taron Partners, LLC (the "Lender") having filed a limited objection to the Motion (the "Objection") [Docket No. 25]; and the Debtor and the Lender having resolved the Objection by amending the Bidding Procedures; and this Order with the Bidding Procedures as modified by the Debtor and Lender being noticed on presentment; and it now appearing that the attached Bidding Procedures are in the best interest of the Debtor's estate, its creditors and other parties in interest; and after due deliberation thereon and good cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT**:[2]

A. This Court has jurisdiction over the Motion and the Bidding Procedures pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion and Bidding Procedures is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Bidding Procedures, and the Sale Notice are fair, reasonable and appropriate.

C. The Debtor has articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, including the scheduling of bid deadlines, an auction and a sale hearing.

---

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, when appropriate. See Fed. R. Bankr. P. 7052.

D. Good and sufficient notice of the Bidding Procedures sought in the Motion has been given and no additional or further notice is required, other than the presentment of this Order and the revised bidding procedures on 14 days' notice ("Notice of Presentment") as ordered by the Court at the Hearing. A reasonable opportunity to object or be heard regarding the Bidding Procedures requested in the Motion and the Notice of Presentment has been afforded to interested persons and entities, including: (i) each of the Debtor's secured creditors, or their counsel; (ii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (iii) all parties in interest who requested notice pursuant to Bankruptcy Rule 2002; (iv) all parties who are known to assert a Lien on the Property; (v) all parties identified by the Debtor as potentially having an interest in acquiring the Property; and (vi) all creditors of the Debtor who are listed on the Debtor's Schedules of Assets and Liabilities or who filed proofs of claim against the Debtor's estate (collectively, the "Notice Parties").

E. The proposed Sale Notice constitutes good, appropriate, adequate and sufficient notice, and is reasonably calculated to provide all interested parties, including the Notice Parties, with timely and proper notice of the Bidding Procedures, the sale process and the Sale Hearing, as set forth in the Motion and Notice of Presentment, and no other or further notice is required.

F. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion and Notice of Presentment, including this Court's (i) approval of the revised Bidding Procedures (attached hereto) and auction and (ii) approval of the form and manner of service of the Sale Notice.

G. The Bidding Procedures are reasonable and appropriate and in the best interests of the Debtor's estate and its creditors.

H. The Notice was given in the manner described in the Motion and described herein. Under the circumstances, the Notice given by the Debtor of the Motion, the Hearing and the relief granted under this Order constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001 and the Local Rules.

I. No party appearing in this case has filed or made an objection to the relief sought in the Motion or the entry of this Order, or any objections that were made (to the extent such objections have not been withdrawn, waived, resolved, or settled) are hereby overruled on the merits.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. All objections to entry of this Order or the Bidding Procedures that are attached that have not been withdrawn, waived, resolved or settled are hereby denied and overruled in their entirety.

2. The Motion is granted as set forth herein.

**The Bidding Procedures**

3. The Bidding Procedures, as set forth on **Exhibit 1** attached hereto and incorporated herein by reference, are hereby approved in all respects and shall govern all bids and bid proceedings relating to the sale process.

4. Potential Bidders or Qualified Bidders (other than the Lender) must disclaim any right to receive a break-up fee, expense reimbursement, or other similar form of compensation, and by submitting its Bid, agree to refrain from and waive any right to assert or request any form of reimbursement on any basis.

5. The Lender shall be designated as a Qualified Bidder having an opening credit bid of $2,500,000 for purposes of this Bidding Procedures Order and the Bidding Procedures.

6. The deadline for submitting Bids in accordance with the Bidding Procedures shall be **October 22, 2026, at 5:00 p.m. (EDT)** (the "Bid Deadline"). No Bid shall be deemed to be a Qualified Bid, unless such Bid meets the requirements set forth in the Bidding Procedures.

7. The Debtor is authorized to extend the deadlines set forth in this Order and Bidding Procedures and/or schedule, adjourn, continue or suspend an Auction and/or the Sale Hearing.

8. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

**The Auction**

9. If the Debtor determines after review of the Qualified Bids, that an Auction is in the best interest of the Debtor's estate and its creditors, the Debtor may, but shall not be required to conduct an Auction with respect to the Property. If an Auction is conducted, it will take place at the offices of Bronson Law Offices, P.C., on **October 27, 2026, starting at 1:30 p.m.** (prevailing Eastern Time), or by Zoom on that same date and time, or such other modality, date and time or place, as may be determined by the Debtor, in consultation with Lender at or prior to the Auction, and shall be conducted in accordance with the procedures set forth in Section I of the Bidding Procedures. The Debtor shall notify all Qualified Bidders of any such later time or different place.

10. If no Qualified Bids, are received, then the Debtor may decide, in consultation with Lender, to cancel the Auction and designate the Lender as the Successful Bidder and pursue entry of the order approving the sale of the Property to the Lender.

**Sale Hearing**

11. The Sale Hearing shall be held before the Honorable Kyu Y. Paek, United States Bankruptcy Judge, on **November 17, 2026 at 10:00 a.m. (EST)**, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601, at

which time this Court shall consider: the entry of the proposed sale order, substantially in the form attached to the Motion as Exhibit B (the "Sale Order"), and any issues or objections that are timely interposed by any parties; and (v) such other or further relief as this Court may deem just or proper.

12. The Sale Hearing may be adjourned by the Debtor, in consultation with the Lender, without further order of this Court, by filing a notice with this Court and serving such notice on all Qualified Bidders or by announcing such adjournment on the record at the Sale Hearing.

**Notice**

13. The Sale Notice, substantially in the form attached hereto as **Exhibit 2**, is hereby approved.

14. By no later than two business day after the entry of this Order, the Debtor shall cause a copy of the Bidding Procedures, the Sale Notice and this Order to be served upon the Notice Parties via email (where available) and first class mail.

15. The notice set forth in the preceding paragraphs shall constitute good and sufficient notice of the Motion, the Sale Hearing and the proposed Sale Order, and no other or further notice of the Motion, the Sale Hearing and/or the proposed Sale Order shall be necessary or required.

16. By no later than **October 30, 2026**, the Debtor shall file with this Court and shall serve upon the Notice Parties via email (where available) and first class mail a notice of selection of the highest and best bid at Auction setting forth the identity of the Successful Bidder and the Backup Bidder and the general terms of each party's Bid. This notice shall constitute good and sufficient notice of the Debtor's selection of the Successful Bidder and the Backup Bidder, and no other or further notice shall be necessary or required.

17. No other or further notice of the Sale, the Auction, the Sale Hearing, or the sale objection deadline shall be required.

**Objections to Motion**

18. Objections, if any, to the remaining relief sought in the Motion must (a) be made in writing, (b) state with particularity the reasons for the objection or response, (c) conform to the Bankruptcy Rules and the Local Bankruptcy Rules, (d) set forth the name of the objecting party, the nature and basis of the objection, and the specific grounds therefore, and (e) be filed with the Clerk of the Court (with a copy to be delivered to the Chambers of the Honorable Kyu Y. Paek, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601), and shall be served so as to be **actually received** no later than **4:00 p.m. (EST) on November 7, 2026** (the "Objection Deadline"), upon: (i) counsel for the Debtor, Bronson Law Offices, P.C., 480 Mamaroneck Avenue, Harrison, NY 10528 (Attn: H. Bruce Bronson, hbbronson@bronsonlaw.net, (ii) counsel to the Lender., Rubin LLC, 11 Broadway, Suite 715, New York, New York 10004 (Attn: Paul Rubin, prubin@rubinlawllc.com) and (ii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Paul Schwartzberg, Esq., Paul.Schwartzberg@usdoj.gov).

**Additional Provisions**

19. The Debtor is authorized and empowered to take all steps, and incur and pay all costs and expenses, as may be reasonably necessary to fulfill the requirements established by this Order, including Court approved fees to the Broker and Bankruptcy Counsel, as limited by the Bidding Procedures attached hereto.

20. Nothing contained in this Order precludes any party in interest from objecting to the Sale in accordance with the objection procedures set forth herein, and no party shall be

deemed to have consented to the Sale by virtue of not having objected to the Bidding Procedures attached to this Order.

21. The Debtor is hereby authorized to implement the Bidding Procedures and conduct the sale process without the necessity of complying with any state or local bulk transfers law, or requirement or any similar law of any state or other jurisdiction which may apply in any way to the Sale.

22. This Court shall retain jurisdiction over any and all matters or disputes arising from or relating to the implementation of this Order, including jurisdiction to allocate the consideration paid for some or all of the Property in satisfaction of Liens that attach to the proceeds thereof.

23. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon entry hereof.

Dated: White Plains, New York *****, 2026

________________________________________

HONORABLE KYU Y. PAEK
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

## BIDDING PROCEDURES

These Terms and Conditions of Sale are promulgated in connection with the sale (the "Sale") of the real property and the improvements thereon, located at and commonly known as 51 South Route 9W, West Haverstraw, NY (the "Property"). The seller of the Property is Arteta, LLC (the "Debtor"). The sale of the Property shall be conducted pursuant to sections 363(f), 1123(a)(5)(D) and 1141(c) of the Bankruptcy Code. Taron Partners, LLC (the "Lender") has purchased the loan securing the Property from ConnectOne Bank by assignment and has received all right, title and interest in and to the loan securing the Property.

A. Marketing. The Debtor has retained Royal Properties, Inc., having an office address at 850 Bronx River Road, Suite 106, Bronxville, New York 10708 (the "Broker") to market the Property. To receive information regarding the Property, please contact the Broker, Attn: Scott Milich, telephone: 914-282-3703, **smilich@royalpropertiesinc.com**.

B. Time and Place of Auction. The sale of the Property shall be pursuant to an auction (the "Auction") live at Bronson Law Offices PC, 480 Mamaroneck Ave., Harrison, NY 10528 and by telephone and video conference, on **October 27, 2026 at 1:30 pm** in accordance with Rule 6004 of the Federal Rules of Bankruptcy Procedure and 6004-1 and 6005-1 of the Local Bankruptcy Rules for the Southern District of New York and procedures to be implemented in the sole discretion of the Debtor in consultation with its professionals and the Lender with notice of such procedures given to all interested parties prior to the Auction. The Auction will be conducted openly, and in a manner such that each bidder will be informed of the terms of the previous bid. The Auction shall be recorded through Zoom and a record kept of each bid.

C. Sale Free and Clear of Liens. The sale of the Property shall be free and clear of all liens, claims, encumbrances, equities and interests, of any nature or kind. All liens and encumbrances upon the Property shall remain in effect until the closing of the sale, and at closing shall be transferred to and attach to the net proceeds of the sale in the same priority that existed immediately before the closing and disbursed pursuant to the provisions of the Sale Motion.

D. Broker's Commission. The Broker will be paid a broker's premium in accordance with the Broker's retention agreement and further order of this Court; provided, however, that if the Lender is the Successful Bidder via credit bid, the Broker's commission will be limited to $10,000, subject to approval by the Court of a fee application by the Broker, and will be funded by Lender.

E. Bid Qualifications. Any potential bidder who wishes to submit a bid with respect to the Property must demonstrate to the satisfaction of the Debtor, in consultation with the Lender, that such potential bidder is a "Qualified Bidder." A Qualified Bidder is a potential bidder who delivers to the Debtor and the Broker a written and signed, binding offer **on or before October 22, 2026 at 5:00 p.m.** (the "Bid Deadline") that:

(i) states that the Qualified Bidder has entered or will enter into a legally binding contract of sale for the acquisition of the Property on terms and

conditions reasonably acceptable to the Debtor and the Lender, with such sale being as is without contingencies (a "PSA");

(ii) states the purchase price in U.S. dollars in cash;

(iii) states the bidder's offer is irrevocable, and not contingent;

(iv) does not request or entitle the bidder to any transaction or break-up fee, expense reimbursement or similar type of payment;

(v) does not contain any financing contingencies or any other contingencies;

(vi) fully discloses the identity of each Qualified Bidder that will be bidding for the Property or otherwise participating in connection with such bid on behalf of the Qualified Bidder, the terms of any such participation (including, if the Qualified Bidder is an entity formed for the purpose of consummating the proposed transaction contemplated by the bid, the equity holder or other financial backer), the Bidder's address, telephone number and email address where the bidder may be contacted;

(vii) is accompanied by evidence that a good faith deposit in the amount of 10% of the Qualified Bidder's bid (the "Bid Deposit"), in immediately available funds, has been made (or is concurrently being made) by wire transfer to Bronson Law Offices P.C., as escrow agent (the "Escrow Agent"), pursuant to wire instructions to be provided by the Debtor's counsel, and acknowledges that the Bid Deposit shall be held by the Escrow Agent in a non-interest bearing, IOLA account of the Escrow Agent at JP Morgan Chase, N.A. for the Debtor's estate in accordance with the terms hereof;

(viii) states that the bidder is financially capable of consummating the transaction contemplated by the bidder's bid and any increased or modified bid that may be made at the Auction;

(ix) is accompanied by financial information satisfactory to the Debtor, in consultation with the Lender, which fairly and reasonably demonstrates the Qualified Bidder's ability (and the sources of the Qualified Bidder's ability) to close on its purchase of the Property if the Qualified Bidder should be the Successful Bidder, in an amount at least as much as its bid as necessary to consummate the transaction contemplated by the bidder's bid and any increased or modified bid that may be made at the Auction;

(x) includes an executed original of these Terms and Conditions of Sale acknowledging and agreeing to these Terms and Conditions of Sale, including the following:

(a) the Qualified Bidder had the opportunity to conduct any and all due diligence regarding the Property prior to making its bid, has relied solely on its own independent investigation, analysis, appraisal and

evaluation of the Property and it did not rely upon and did not receive any written or oral statements, representations, warranties, promises or guarantees whatsoever, whether express or implied or by operation of law or otherwise, with respect to the Property and waives any and all claims against the Debtor, Lender and Broker; and

(b) the Qualified Bidder's bid is irrevocable until the earlier of the Closing Date (as defined herein) or until its bid is affirmatively rejected;

(c) the Qualified Bidder is financially able to acquire the Property in cash, without contingencies as to financing and/or additional due diligence;

(d) the Qualified Bidder, if it is the Successful Bidder, will complete the Auction Sale in accordance with the timing set forth in these Terms and Conditions of Sale;

(e) the Qualified Bidder acknowledges that it agrees to be a Backup Bidder (as defined below) in accordance with the terms of these Bid Procedures should the bid be so selected; and

(f) the Qualified Bidder, if it is the Successful Bidder, will pay the Broker the commission at closing, unless the Successful Bidder is the Lender, in which event the fee will be capped at $10,000.

(xi) includes evidence of authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) to purchase the Property pursuant to its bid at the Auction Sale;

(xii) contains other information reasonably requested by the Debtor and/or the Broker, in consultation with the Lender; and

(xiii) states that the Qualified Bidder is prepared to close on its purchase within fourteen (14) days after the Sale Order becomes final.

A bid meeting the above requirements shall constitute a "Qualified Bid." The Debtor, in consultation with the Broker, and Lender shall make a determination regarding whether a bid is a Qualified Bid and the Broker shall notify bidders whether their bids have been determined to be qualified.

F. Other Assets Included in Sale. In addition to the Property, the Auction Sale will also include all right, title, and interest of the Debtor in personal property of the Debtor at the Property, if any, excluding bank accounts, cash, cash equivalents and the Debtor's books and records.

G. Bidding. In addition to delivering a Bid Deposit, any Bidder must offer a bid that satisfies the following terms and conditions: (i) the Qualified Bid shall provide for a purchase price of at least $2,550,000 (the "Initial Bid"), with subsequent minimum bid increments of $50,000.00 per bid thereafter, or such other Initial Bid and/or minimum bid increments that the Debtor, with the consent of the Lender, may deem appropriate; (ii) the Qualified Bid shall not be contingent upon the receipt of financing necessary to its consummation, and the Qualified Bidder shall have demonstrated, to the sole satisfaction of the Debtor in consultation with the Lender, evidence of its ability to conclude the transaction without delay; and (v) the Qualified Bid shall not be conditioned upon the outcome of unperformed due diligence by the Qualified Bidder with respect to the Property. Each bidder at the Auction is expected to confirm at the auction that it has not engaged in any collusion with respect to the bidding or the sale. At the conclusion of the Auction Sale, the Qualified Bidder making the highest or best Qualified Bid must execute and agree to be bound by the PSA and these Bid Procedures. Absent irregularities in the conduct of the auction, or reasonable and material confusion during the bidding, the Court will not consider bids made after the auction has been closed.

H. Credit Bid. Lender is deemed a Qualified Bidder and has set an initial bid of $2,500,000 ("Credit Bid") for the Property, subject only to paying all other senior liens, claims, encumbrances, and administrative expenses at closing. To the extent that there is a Qualified Bid other than a credit bid by the Lender, the Lender may increase its credit bid and include any accrued post-petition interest and expenses permitted under 11 U.S.C. § 506(b), as well as any additional cash the Lender desires to bid. The Lender, due to its right to Credit Bid, is not required to make a deposit. If Lender is the Successful Bidder via credit bid, upon approval by order of the Court of a fee application by the Broker following the closing, the Broker's fee will be limited to $10,000, payable by Lender, and upon approval by order of the Court of a fee application by Debtor's bankruptcy counsel following the closing, Lender will pay allowed fees and expenses of the Debtor's bankruptcy counsel up to $30,000.

I. Adjournment and Cancellation of Auction. The Debtor reserves the right, in its business judgment, after consultation with, and on notice to, the Lender, to make one or more adjournments to, or cancel, the Auction Sale to, among other things (i) facilitate discussions between the Debtor, on the one hand, and one or more Qualified Bidders, on the other hand, (ii) allow the Debtor and/or Qualified Bidders to consider how they wish to proceed, (iii) give Qualified Bidders the opportunity to provide the Debtor with such additional documentation or information as the Debtor in its business judgment may require to determine such Qualified Bidder's ability to close the Auction Sale, or (iv) facilitate higher or better bids.

J. Successful Bidder and Backup Bidder. At the Auction Sale, once a bidder is determined by the Plan, the Debtor, in consultation with the Lender, to have made the highest or best offer for the Property (the "Successful Bidder"), bidding shall be deemed closed, and no additional bids will be considered. The bidder with the next highest or best bid submitted at the Auction Sale, as determined by the Debtor, in consultation with the Lender, shall be the "Backup Bidder." In determining the Successful Bidder and the Backup Bidder, the Debtor may consider, without limitation, (i) the amount of the purchase price offered, (ii) the form of consideration offered, (iii) the Qualified Bidder's ability to close the Sale at the amount of its last bid made at the Auction, and the timing thereof, (iv) indicia of good faith on the part of the Qualified Bidder, (v) the terms and conditions of the Qualified Bidder's purchase and sale agreement for the

purchase of the Property and (vi) the net benefit to the Debtor's estate. As to a Credit Bid, none of these factors will be relevant.

K. Successful Bidder. Additional Deposit. Within one business day after the Successful Bidder is determined, the Successful Bidder (other than the Lender) shall be required to increase the Bid Deposit to an amount equal to ten percent (10%) of the purchase price of the winning bid (the "Purchase Price"), which amount shall serve as a good faith deposit against payment of the Purchase Price, **TIME BEING OF THE ESSENCE AS TO THE SUCCESSFUL BIDDER'S OBLIGATION TO INCREASE THE DEPOSIT**. Within two (2) business days after the conclusion of the Auction, the Debtor's counsel will return the Bid Deposits to all other bidders, other than the Backup Bidder (as defined below).

L. Sale Hearing. A hearing to consider approval of the Sale of the Property to the successful bidder (the "Sale Hearing") will be held on a date to be scheduled before the Honorable Kyu Y. Paek, United States Bankruptcy Judge. The Sale Hearing will be heard through the Zoom for Government. Participants in the Sale Hearing are required to register their appearance by 4:00 p.m. the day before the hearing utilizing the e-Court Appearances tool at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Counsel for the Debtor shall provide at least two (2) business days written notice of the Sale Hearing to: (i) the Debtor; (ii) its counsel;(iii) the Lender (iv) the Office of the United States Trustee, (v) all creditors; and (vi) interested parties by first class mail, and shall file a certificate of service prior to the Sale Hearing. At the Sale Hearing, the Debtor shall present the Successful Bid to the Bankruptcy Court for approval.

M. Sale Order. The sale approval order (the "Sale Order") shall approve the Auction Sale free and clear of all liens, claims, and encumbrances, and in connection therewith, the Sale Order shall contain the following findings of fact and conclusions of law: (i) that the terms of the Sale are fair and reasonable, (ii) that the Auction Sale, and the Successful Bidder's purchase, of the Property pursuant to the Plan, is non-collusive, fair and reasonable and was conducted openly and in good faith, (iii) that the transfer of the Property to the Successful Bidder represents an arm's-length transaction and was negotiated in good faith between the parties, (iv) that the Successful Bidder, as transferee of the Property, is a good faith purchaser under Bankruptcy Code section 363(m) and, as such, is entitled to the full protection of Bankruptcy Code section 363(m), (v) the sale of the Property to the Successful Bidder was not controlled by an agreement among potential purchasers, and (vi) that no cause of action exists against the Successful Bidder or with respect to the sale of the Property to the Successful Bidder under Bankruptcy Code section 363(n). The Sale Order shall provide how the proceeds shall be paid and shall provide for the payment of the Broker the fee it is due, if any, as specified in these Bidding Procedures, the U.S. Trustee fee and reasonable attorney fees as approved by the Bankruptcy Court.

N. Closing. The Successful Bidder, other than the Lender, must pay the balance of the Purchase Price for the Property (the difference between the amount of the successful bid and the Bid Deposit as increased by the supplemental deposit in Paragraph K above) in accordance with the terms of the Sale Order, in full in cash, at the closing of title to the Property (the "Closing"). The Successful Bidder must close title to the Property at a date mutually acceptable to the Successful Bidder and the Debtor (the "Closing Date") that is no more than fourteen (14) days after the Sale Order becomes final, TIME BEING OF THE ESSENCE as to the Successful Bidder, although such date may be extended solely by the Debtor.

O. Damages for Buyer's Failure to Close. **TIME IS OF THE ESSENCE AS AGAINST THE SUCCESSFUL BIDDER AND THE FAILURE OF THE SUCCESSFUL BIDDER TO EITHER TIMELY PAY THE ADDITIONAL BID DEPOSIT OR TIMELY CLOSE FOR ANY REASON WHATSOEVER (EXCEPT AS OTHERWISE PROVIDED BELOW), INCLUDING ITS FAILURE TO PAY THE BALANCE OF THE PURCHASE PRICE ON THE CLOSING DATE, WILL RESULT IN THE DEBTOR RETAINING THE DEPOSIT AS LIQUIDATED DAMAGES AND THE TERMINATION OF THE SUCCESSFUL BIDDER'S RIGHT TO ACQUIRE THE PROPERTY**. The Successful Bidder shall be obligated to close title to the Property and there is no contingency of any kind or nature that will permit the Successful Bidder to cancel or avoid its obligation under these Terms and Conditions of Sale other than the inability to deliver a bargain and sale deed without covenants against grantor's acts to the Property. Expenses incurred by the Successful Bidder, or any Qualified Bidder relating to any due diligence, such as obtaining title reports or environmental inspections, shall be the sole responsibility of such bidder, and under no circumstances shall the Debtor's or the Debtor's professionals be responsible for, or pay, such expenses.

P. Backup Bidder. In the event that the Successful Bidder fails to tender the payment of the balance of the Purchase Price on the Closing Date, or otherwise perform any of its obligations under these Terms and Conditions of Sale, the Debtor, with the consent of the Lender, shall be authorized to sell the Property to the Backup Bidder without any further notice, and without giving credit for the deposit forfeited by the Successful Bidder, and upon such other terms and conditions as the Debtor, in consultation with the Lender, deems appropriate. Should the Backup Bidder fail to close on the Property, within such time as the parties may agree but not to exceed ten (10) days after notice from the Debtor to the Backup Bidder, the Debtor shall be authorized to sell the Property to the next highest or best bidder, without the necessity of any further notice. All bidders will be bound by these Terms and Conditions of Sale, including, without limitation, those items set forth in the paragraphs above, except that the Backup Bidder must close within ten (10) days of notification that its bid is accepted, TIME BEING OF THE ESSENCE as to the Backup Bidder.

Q. As Is Sale. The Property is being sold free and clear of all liens, claims, and encumbrances, with any such liens, claims and encumbrances to attach to the net proceeds of sale after deduction of any expenses of sale. Furthermore, the Property are being sold "**AS IS," "WHERE IS," "WITH ALL FAULTS**," without any representations, covenants, guarantees or warranties of any kind or nature whatsoever and subject to, among other things, (i) any state of facts that an accurate survey may show; (ii) any covenants, restrictions and easements of record; (iii) any state of facts a physical inspection may show; (iv) any building or zoning ordinances or other applicable municipal regulations and violations thereof; and (v) environmental conditions, including, without limitation, the Property compliance (or lack of compliance) with environmental laws and the presence or absence of underground fuel storage tanks, any hazardous materials or asbestos anywhere on the Property. By delivering its respective Bid Deposit, each bidder is deemed to have acknowledged that it has had the opportunity to review and inspect the Property, the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on its own independent investigations and inspections of the Property in making its bid. Neither the Debtor nor any of its representatives make any representations or warrantees with respect to the permissible uses of the Property, including but not limited to, the zoning of the Property. All bidders are deemed to have acknowledged that they have conducted their own due diligence in

connection with the Property and are not relying on any information provided by the Debtor or its professionals.

R. Deed. The Debtor shall convey the Property by delivery of a bargain and sale deed without covenants against grantor's acts.

S. Auctioneer. The Broker or Debtor's counsel will serve as auctioneer to conduct the Auction Sale, if held.

T. Seller's Failure to Close. If the Debtor is unable to deliver title to the Property in accordance with these Terms and Conditions of Sale for any reason whatsoever or in the event that the Bankruptcy Court refuses to approve the sale of the Property pursuant, the Debtor's only obligation will be to refund the Bid Deposit to the Successful Bidder, and upon such refund, the Successful Bidder will have no claim or recourse against the Debtor, or its professionals.

U. Right to Withdraw Sale. The Debtor reserves the right to withdraw the Property from the Auction Sale, either prior or subsequent to the Auction Sale, with the consent of the Lender.

V. Bankruptcy Court Jurisdiction. The Bankruptcy Court shall determine any disputes concerning the Sale of the Property. By participating in the Auction Sale, all bidders consent to the jurisdiction of the Bankruptcy Court to determine such disputes under the Debtor's pending chapter 11 case.

W. Reservation of Rights. The Debtor, is authorized to amend and modify these Terms and Conditions of Sale to impose additional terms and conditions on the proposed Auction and Sale of the Property, or to modify or eliminate any of the terms and conditions contained herein if, (i) in the Debtor's reasonable judgment, such modifications would be in the best interest of maximizing value from the Sale and promote an open and fair Auction and Sale process, and (ii) such modifications and/or additional terms and conditions are not materially inconsistent with the provisions of these Terms and Conditions of Sale.

I have read these Terms and Conditions and agree to be bound by them. (Please print clearly)

Date:______________________________________________

Bidder:____________________________________________

Signature:__________________________________________

Title:______________________________________________

Address:___________________________________________

E-Mail:____________________________________________

Phone No.:_________________________________________

Attorney Info:______________________________________

**SALE NOTICE**

**BRONSON LAW OFFICES P.C.**
480 Mamaroneck Ave.
Harrison, NY 10528
Telephone: (914) 269-2530
Fax: (888) 908-6906
*Counsel to Debtor*
hbbronson@bronsonlaw.net

**Sale Hearing Date: November 17, 2026 @ 10:00 a.m. (EST)**

**Objection Deadline: November 10, 2026 @ 5:00 p.m. (EST)**

**Bid Deadline: October 22, 2026 @ 5:00 p.m. (EST)**

**Potential Auction: October 27, 2026 @ 1:30 p.m. (EST)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| ARTETA LLC, | Chapter 11 |
| Debtor. | Case No.: 26-22329 (KYP) |

**NOTICE OF SALE WITH RESPECT TO CHAPTER 11 DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), (F), AND (M), AND 365, 503 AND 507 AND RULES 2002, 6004 AND 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (I) (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE PROPERTY (B) SCHEDULING A SALE HEARING, (C) APPROVING THE FORM, MANNER AND EXTENT OF NOTICE OF THE SALE PROCESS, AND (D) APPROVING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, AND (E) GRANTING RELATED RELIEF**

**TO ALL CREDITORS AND PARTIES IN INTEREST, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES ENTITLED TO NOTICE PURSUANT TO FED. R. BANKR. P. 2002:**

**PLEASE TAKE NOTICE** that on or about September 15, 2026, the United States Bankruptcy Court for the Southern District of New York (the "Court") approved the motion (the "Motion")[3] of the Debtor (the "Debtor") of the estate of (i) ARTETA, LLC (the "Debtor") seeking an Order (a) authorizing the Debtor to conduct a process for the sale of The Property, free and clear of all liens, claims, encumbrances, and interests, pursuant to section 363 of title 11 of the

[3] Terms capitalized but not defined herein shall have the meanings assigned to them in the Motion, the Bidding Procedures Order and the Bid Procedures.

United States Code (the "Bankruptcy Code"), approving the Bidding Procedures annexed to the Bidding Procedures Order as Exhibit "1" ; (b) scheduling an Auction and Sale Hearing, and (c) approving this Sale Notice, (the "Bidding Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that the Motion and Bidding Procedures Order have been filed electronically with the Clerk of the United States Bankruptcy Court for the Southern District of New York, and may be reviewed by all registered users of the Court's website at http://ecf.nysb.uscourts.gov. Copies of the Motion and Bidding Procedures Order can also be obtained by telephonic, written, or e-mail request to the undersigned bankruptcy counsel to the Debtor, Attn: H. Bruce Bronson (Telephone: (914) 269-2530 or e-mail: hbbronson@bronsonlaw.net).

**PLEASE TAKE FURTHER NOTICE** that a Bid for the purchase of the Debtor's Property must conform to the Bidding Procedures and be delivered in written form to: counsel to the Debtor, Bronson Law Offices, P.C., 480 Mamaroneck Ave., Harrison, NY 10528 Attn: H. Bruce Bronson, so as to be actually received no later than **5:00** p.m. (prevailing Eastern Time) on the Bid Deadline of October 22, 2026.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures, if an Auction for the sale of the Debtor's Property is conducted, it will take place at the offices of Bronson Law Offices, P.C., 480 Mamaroneck Ave., Harrison, NY 10528, on **October 27, 2026, starting at 1:30 p.m. (prevailing Eastern Time)**, or at such other date and time or other place as may be determined by the Debtor at or prior to the Auction.

**PLEASE TAKE FURTHER NOTICE** that a hearing with respect to the Motion has been scheduled to be held before the Honorable Kyu Y. Paek, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601-4140, on **November 17, 2026 at 10:00 a.m.** to the extent seeking an Order (a) approving the Purchase and Sale Agreement ("PSA") entered into with a Successful Bidder in accordance with the Bidding Procedures and (b) approving the sale of the Debtor's Property to the Successful Bidder, (the "Sale Hearing").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Motion to be considered at the Sale Hearing (an "Objection") shall be made in writing, filed with the Court by registered users of the Court's electronic case filing system (with a hard copy delivered directly to the Chambers of the Honorable Kyu Y. Paek, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, NY 10601-4140), and served upon (i) counsel for the Debtor, Bronson Law Offices, P.C., 480 Mamaroneck Ave., Harrison, NY 10528 (Attn: H. Bruce Bronson, Esq., (ii) counsel to the Lender, Rubin LLC, 11 Broadway, Suite 715, New York, New York 10004; prubin@rubinlawllc.com, and (iii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, One Bowling Green, New York, New York (Attn: Paul Schwartzberg, Esq.). **so as to be actually received no later than 5:00 p.m. on November 10, 2026** (the "Objection Deadline").